

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| CLIFFORD BROWN, | § | |
| Plaintiff, | § | |
| | § | NO. 7-03CV205-R |
| VS. | § | |
| | § | |
| DON PETERSON and NORTH | § | ORIGINAL COMPLAINT |
| CENTRAL TIRE SERVICE, INC. | § | (JURY DEMANDED) |
| Defendants. | § | |

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Clifford Brown, and makes and files this his Original Complaint for damages against Defendants, Don Peterson and North Central Tire Service, Inc., and for his cause of action would respectfully show the Court and jury the following:

## JURISDICTION

1. This action is brought under the following jurisdictional statutes: 28 U.S.C. § 1355, wherein District Courts are given jurisdiction in all actions for the recovery or enforcement of a penalty incurred under any act of Congress. More Specifically, this action is brought under 28 U.S.C. § 1342(4), wherein the District courts are given Original Jurisdiction over civil rights actions brought under any act of Congress providing for the protection of civil rights. Additionally, this action is brought under 28 U.S.C. § 1331, granting federal district courts original subject matter jurisdiction based upon federal question. This action is also brought under 42 U.S.C. § 2000e *et seq.* commonly known as Title VII of the Civil Rights Acts of 1964 and 1991.

## PARTIES

2. Plaintiff is a resident and a citizen of Wichita County, Texas.

ORIGINAL COMPLAINT – PAGE 1

3. Defendant North Central Tire, Inc., is a Texas Corporation duly licensed to conduct business in Texas.

4. Defendant Don Peterson is an individual who resides in Wichita County, Texas.

5. Defendant North Central Tire, Inc. may be served by serving its registered agent for service who is Tiffany Peterson Duke, who can be found at the corporation offices located 3920 B, Fairway Blvd. Wichita Falls, Wichita County, Texas.

6. Defendant Don Peterson can be served a 3920 B Fairway Blvd., Wichita Falls, Wichita County, Texas.

## VENUE

7. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391(b), (c).

## JURSIDICTIONAL PREREQUISITES

8. All Jurisdictional prerequisites necessary for Plaintiff to file suit under 42 U.S.C. § 2000e *et seq.* (Title VII) have been satisfied. Plaintiff filed his charge of discrimination in a timely fashion and received his right to sue letter within ninety days of the date of filing of this complaint.

## FACTS

9. Plaintiff, Clifford Brown, is an African American male who from April, 2001, until December 12, 2001 was employed by Defendants as an Assistant Service Manager, Safety Officer and Trainee of North Central Tire Service, Inc.

10. At all times pertinent herein Rick Stone and Bobby (last name unknown) were agents, servants and employees acting in the course and scope of their employment or agency.

11. During the period of Plaintiff's employment with Defendant, North Central Tire Service, Inc., the business was managed by the son-in-law of Don Peterson, Rick Stone. In addition, Rick Stone's wife, Tiffany Stone, was employed as an accountant.

12. During the first week of Plaintiff's employment with Defendant, the Plaintiff noticed a hangman's noose above the spreader machine.

13. When Plaintiff told Rick Stone about the hangman's noose, Rick Stone stated that "you're going to have to learn how to get along with the rest of the employees if you want to work here."

14. Thereafter, when Plaintiff took the rope down and threw it in the trash, Plaintiff was approached by Bobby (last name unknown) who questioned Plaintiff as to where his hanging rope had gone.

15. Following the incident with the hangman's noose, there was a big conference between Plaintiff and his employer and Plaintiff believed that everything was worked out.

16. Plaintiff had previously been employed as a Service Manager by North Central Texas Tire Service, Inc. from early 1999 until Plaintiff quit in late 1999, however, Don Peterson told Plaintiff that Rick and Tiffany Stone said that Plaintiff was fired in 1999 for stealing casings.

17. Don Peterson made numerous statements to Plaintiff to the effect that they were going after someone who was stealing from the business.

18. During Plaintiff's employment, Rick Stone told Plaintiff and his co-worker John Daniel Robison (also a black male) to turn down their "jungle music" and then Rick Stone put on country music, which was played as loud as was possible.

ORIGINAL COMPLAINT – PAGE 3

19. Following this incident, Plaintiff's music was only turned up to half volume on channel 103.9 and Rick Stone called back and told Plaintiff to turn down the "jungle music" again.

21. Thereafter, Plaintiff and Rick Stone had a confrontation regarding the sale of casings and Plaintiff's complaints regarding the hangman's rope and the racial slurs such as the "jungle music" which were being made in the workplace.

22. During Plaintiff's employment with Defendants, when the non-black employees completed training they were given raises to bring their salaries up to the levels of black employees.

23. Plaintiff complained to the Defendants about the fact that there were non-black employees that were hired by Plaintiff and then following training those non-black employees received raises sufficient to make their pay equal to or higher than Plaintiffs.

24. Plaintiff and other black employees were treated differently from non-blacks in that the policy for terminating non-black employees involved the non-black employee receiving a verbal warning for the first offense, a written warning following a second offense, and termination only after the third offense; however, the Defendants did not follow this policy when terminating Plaintiff and other black employees following a first offense.

25. On December 19, 2001, Plaintiff was terminated for making complaints about his failure to receive a pay increase when non-black employees who were hired by Plaintiff and working under him were raised to $9.50 per hour and Plaintiff continued to receive $9.00 per hour with no raise.

26. Thereafter, several months prior to the time of filing this Petition, Plaintiff saw Don Peterson who stopped Plaintiff and told him that he, Don Peterson, did not want "jungle music" in his shop and that Plaintiff had a bad attitude and deserved to be fired.

27. It was emotionally wrenching and devastating to Plaintiff to be unable to cause Defendants to cease subjecting Plaintiff to outrageous, offensive and retaliatory racially harassing and discriminatory conduct.

## RELIEF SOUGHT

28. This is a proceeding for injunctive relief to secure the rights of Plaintiff. It is brought to seek redress for Plaintiff for the wrongs suffered by him.

29. This complaint also seeks restitution to Plaintiff of all rights, privileges, benefits and income that Plaintiff would have received but for Defendants' violations of 42 U.S.C. § 2000e *et seq.* (Title VII).

30. Plaintiff has no plain or adequate remedy at law to correct the wrongs alleged herein. This suit for declaratory and injunctive relief is his only means of securing adequate remedy.

31. As a result of the discrimination and discriminatory conduct complained of herein, Plaintiff has suffered damages and Plaintiff is entitled to recover:

    a. Reasonable and necessary medical, mental health, psychiatric, and psychological counseling expenses, past present and future.

    b. Mental anguish and mental suffering, past, present and future encompassing fright, shock, anxiety, depression, physical pain, mental pain, embarrassment, nervousness, humiliation, nightmares, loss of sleep, and exhaustion.

     c.     Loss of feelings of well-being, past, present and future.

     d.     Loss of income.

32.     Plaintiff also seeks an assessment of punitive damages against Defendants.

## RACIAL HARASSMENT AND RETALIATION

33.     Plaintiff was subjected to racially harassing language and conduct in the nature of what is termed hostile environment harassment. When Plaintiff asserted his right to a workplace free of racial harassment, indicated that the language and conduct were unwelcome and offensive to Plaintiff, he was subjected to a series of retaliatory actions by his employer intended to make him quit his job. The racially harassing conduct of which plaintiff complains has been declared to be illegal in the work environment under the context of racial discrimination contained in 42 U.S.C § 2000e *et seq.*

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays:

34.     That Defendants be cited to appear and answer herein as required by law;

35.     That Plaintiff be awarded his damages;

36.     That Plaintiff be awarded punitive damages;

37.     That Plaintiff be awarded pre-judgment interest at the highest rate allowed by law;

38.     That Plaintiff be awarded interest on his judgment at the legal rate from the date of judgment; and

39.     That Plaintiff be awarded all other relief, whether general or special, at law or in equity, to which Plaintiff may be justly entitled.

DATED THIS 2nd DAY OF OCTOBER, 2003.

Respectfully submitted,

**CRAMPTON & CRAMPTON**
505 Lamar
Wichita Falls, Texas 76301
Telephone: (940) 723-9746
Fax Phone: (940) 322-5448

By: _____
Barbara C. Crampton
State Bar No. 05004000

Attorney for Plaintiff,
Clifford Brown

ORIGINAL COMPLAINT – PAGE 7