IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| CLIFFORD BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CASE NUMBER: 7-03CV-205-R |
| | § | |
| DON PETERSON and NORTH CENTRAL TIRE SERVICE, INC., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS DON PETERSON AND NORTH CENTRAL TIRE SERVICE, INC.'S BRIEF IN SUPPORT OF MOTION TO DISMISS**

D. D'Lyn Davison
Texas Bar No. 05590800
Davison Rugeley & Spurgers, L.L.P.
900 Eighth Street, Suite 1102
P. O. Box 99
Wichita Falls, Texas 76307
Telephone:   (940) 766-1388
Facsimile:   (940) 766-5396
Attorneys for Defendants Don Peterson
and North Central Tire Service, Inc.

**TABLE OF CONTENTS**

I. Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

II. Factual Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

III. Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

      Rule 12(b)(1) Dismissal for Lack of Subject Matter Jurisdiction . . . . . . . . . . . . . . . . . . . . . . 9
      Rule 12(b)(6) Dismissal for Failure to State a Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

IV.     Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    A.     Brown Failed to Exhaust is Administrative Remedies under Title VII Prior to Filing this Action Regarding His Retaliation Claim and Claims Against Don Peterson . . 12

    B.     Plaintiff's Complaint Regarding Denial of Pay Raise and Termination Must Be Dismissed Because This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Action Because Plaintiff Failed To File His Action On These Claims In The Time Allowed By Title VII . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    C.     Plaintiff Has Failed To State A Cause Of Action For Which Relief May Be Granted On His Harassment/Hostile Work Environment Claims . . . . . . . . . . . . . . . . . . . . . . 15

V. Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

**TABLE OF AUTHORITIES**

**Cases**

*Abrams v. Baylor College of Medicine,* 805 F.2d 528, 532 (5th Cir.1986) . . . . . . . . . . . . . . . . . . . . 13

*Alexander v. Gardner-Denver Company,* 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Bank One Texas v. United States*, 157 F.3d 397, 403 (5th Cir.1998) . . . . . . . . . . . . . . . . . . . . . . . . 9

*Barnes v. Levitt*, 118 F.3d 404, 408 (5th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Barnes v. Levitt,* 118 F.3d 404, 408 (5th Cir.1997), *cert. denied,* 523 U.S. 1136, 118 S.Ct. 1839, 140
L.Ed.2d 1090 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir.1996) . . . . . . . . . . . . . . . . . . . . 10

*Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1191 (5th Cir.1992) . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Celestine v. Petroleos de Venezuella SA,* 266 F.3d 343, 353 (5th Cir.2001) . . . . . . . . . . . . . . 15, 16

*Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir.1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) . . . . . . . . . . . . . . . . . . . 10

*Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir.1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Faragher,* 524 U.S. at 786-87, and n. 1, 118 S.Ct. 2275 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Felton v. Polles,* 315 F.3d 470, 485 (5th Cir.2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Frank v. Xerox Corp.,* 347 F.3d 130, 138 (5th Cir.2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Griffin v. the City of Dallas*, 26 F.3d 610, 613-13 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . 12

*Grisham v. United States*, 103 F.3d 24, 25-26 (5th Cir.1997)  . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Harris v. Forklift Sys.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) . . . . . . . . . . . . . . 16

*Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir.1977) . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir.1998) .................................................................. 10

*Johnson v. Bergland*, 614 F.2d 415, 417 (5th Cir. 1980) ..................................... 12

*Lee v. Kroger Co.,* 901 F.Supp. 1218, 1224 (S.D.Tex.1995) ................................. 13

*Maddox v. Runyon,* 139 F.3d 1017, 1021 (5th Cir.1998) .................................... 15

*Nat'l Ass'n of Gov't Employees v. City Public Serv. Bd. of San Antonio,* 40 F.3d 698, 711 (5th Cir.1994) .................................................................. 12

*National Association of Government Employees v. City Public Service Board of San Antonio, Texas,* 40 F.3d 698, 711 (5th Cir.1994) (citation omitted) ..................................... 13

*National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101, 116 n. 10, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) .................................................................. 16

*Oatis v. Crown Zellerbach Corporation,* 398 F.2d 496, 497-98 (5th Cir.1968) ................. 13

*Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir.1996) ...................... 11

*Ramsey v. Henderson,* 286 F.3d 264, 268 (5th Cir.2002) ..................................... 16

*Septimus v. University of Houston,* 399 F.3d 601, 611 (5th Cir.2005) ........................ 15

*Taylor v. Books a Million*, 296 F.3d 376, 379 (5th Cir. 2002) ............................. 8, 15

*Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir.1992) ................. 11

*Thomas v. Texas Dep't of Criminal Justice,* 220 F.3d 389, 395 (5th Cir.2000) ................ 12

*Tolbert v. United States of America*, 916 F.2d 245 (5th Cir. 1990) ........................... 11

*United Air Lines, Inc. v. Evans,* 431 U.S. 553, 555 n. 4, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977) ... 13

*Walker v. Thompson,* 214 F.3d 615, 625 (5th Cir.2000) ..................................... 16

*Watts v. Kroger Co.,* 170 F.3d 505, 509 (5th Cir.1999) ..................................... 16

*Williamson v. Tucker*, 645 F.2d 404, 413 (1981) ........................................... 10

**Rules**

Fed. R. Civ. P. 12(h)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Fed. R. Civ. P. 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10, 11

Fed. R. Civ. P. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9, 10

**Statutes**

29 C. F. R. §§ 1601.28(b)(1)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

29 C.F.R. §§ 1601.28(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

42 U.S.C. § 2000e . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 11

42 U.S.C. § 2000e-5(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

42 U.S.C. § 2000e-5(e)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

42 U.S.C. § 2000e-5(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 14

42 U.S.C. § 2000e-5(f)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 15

42 U.S.C. §§ 2000e-5(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| CLIFFORD BROWN | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CASE NUMBER: 7-03CV-205-R |
| | § | |
| DON PETERSON and NORTH CENTRAL | § | |
| TIRE SERVICE, INC. | § | |
|     Defendants. | § | |

**DEFENDANTS DON PETERSON AND NORTH CENTRAL TIRE SERVICE, INC.'S
BRIEF IN SUPPORT OF MOTION TO DISMISS**

Don Peterson and North Central Tire Service, Inc., ("Defendants"), respectfully file their Brief in Support of Motion to Dismiss and move this Court pursuant to Rule 12, 12(b)(1) and (6) of the Federal Rules of Civil Procedure for an order dismissing the racial discrimination and retaliation complaints of Plaintiff Clifford Brown ("Brown") with prejudice on the grounds that Plaintiff failed to timely exhaust his administrative remedies, that he failed to file a complaint within the statutory period required by 42 U.S.C. § 2000e-5(f), and that he failed to plead all of the essential elements of his prima facie case of racial harassment/hostile work environment.

**I. Introduction**

Defendants move to dismiss Plaintiff's Amended Complaint as this Court lacks subject matter jurisdiction over Plaintiff's discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq* in that Plaintiff failed to file an administrative action with the Equal Employment Opportunity Commission ("EEOC") alleging retaliation; failed to allege any discriminatory conduct on the part of Don Peterson; and failed to commence his civil action against Defendants within the ninety (90) day time period required under 42 U.S.C. § 2000e-5(f) with regard to his denial of pay raise and termination claims.

**DEFENDANTS DON PETERSON AND NORTH CENTRAL TIRE
SERVICE, INC.'S BRIEF IN SUPPORT OF MOTION TO DISMISS**                   Page 1 of 12

Additionally, Defendants move to dismiss Plaintiff's harassment/hostile work environment claim because Plaintiff failed to allege the essential elements of his *prima facie* case.

## II. FACTUAL BACKGROUND

On April 25, 2002, Brown filed a charge of discrimination with the Equal Employment Opportunity Commission. Brown's charge was given a "Charge Number" of 310A201863. (Exhibit "A"). In the section entitled "cause of discrimination based on," only the block "race" was checked. On May 12, 2002, Brown amended his charge of discrimination. This charge retained the same "charge number" but was designated as "Amended." In the amended charge, "race" was the only cause of discrimination identified. (Exhibit "B").

Brown's charge of discrimination alleged, *inter alia,* that he was terminated for asking for a raise and that non-black employees received raises to bring their salaries up to the level of black employees; that black employees were treated differently than non-black employees because they were terminated without receiving three write-ups; and that he was accused of stealing tires. Brown also complained that he was subjected to racial slurs by two co-workers at North Central Tire and that a hangman's noose was placed in the workplace by another co-worker. In summary, Brown charges that he was discriminated against based on his race, black. (See Exhibits "A" and "B").

Brown did not allege a claim for retaliation in his original Charge or Amended Charge. The only individuals listed in the complaint and amended complaint were Rick Stone and Bobby (LNU). Neither the original nor the amended charge of discrimination lists Don Peterson as a party against whom a charge of racial discrimination is being made. Further, the charge of discrimination and the amended charge does not contain Peterson's name or any description of alleged discriminatory acts performed by Peterson within such charges. Further, there was no right to sue letter issued to the Plaintiff against

Peterson, nor was suit filed within the time periods required by Title VII even if a charge was presumed to exist against him.

On September 9, 2002, the EEOC sent a Dismissal and Notice of Rights closing its file and stating that it was unable to conclude that the information established violations of the statute. (Exhibit "C"). On October 8, 2002, the EEOC, after Brown notified upper administrative personnel of the EEOC of his disagreement with the dismissal, the EEOC rescinded Brown's right to sue on the hostile work environment issue. (Exhibit "D").

On April 21, 2003, the EEOC gave Brown the right to sue on the discrimination charge related to the raises and termination issues (all claims other than the hostile work environment). (Exhibit "E"). The letter specifically states that Brown as the charging party, had ninety (90) days from the receipt of the letter of determination to file against the Respondent(s) named in the charge in Federal District Court on the issues related to the denial of a pay raise and termination of employment. The Letter of Determination is presumed to have been received by Brown on April 24, 2003, three days after the EEOC mailed the letter. *See Taylor v. Books a Million*, 296 F.3d 376, 379 (5th Cir. 2002).

Pursuant to the Letter of Determination which served as Brown's Notice of Dismissal and Right to Sue on the discrimination denial of pay raise and termination issues, Brown was required to file suit against Respondent(s) on or before July 24, 2003 on these claims. Brown did not meet this deadline. On July 1, 2003, the EEOC issued its Notice of Right to Sue to Brown on the hostile work environment claim. (Exhibit "F").

Brown filed his Original Complaint against Don Peterson and North Central Tire Service, Inc. alleging racial discrimination and retaliation on October 2, 2003, well after the ninety days limitation period set forth in Title VII. (See Plaintiff's Original Complaint). On June 7, 2004, Plaintiff filed his First Amended Complaint which included a cause of action brought by Brown's daughter of assault

against Don Peterson. This claim was subsequently dismissed by the Court. (See Plaintiff's First Amended Complaint and subsequent Memorandum and Order entered by the Court on January 13, 2005).

Other than the assault charges against Don Peterson in the Amended Complaint, which were later dismissed, Brown has alleged no facts supporting a Title VII claim against Don Peterson individually. Specifically, Brown failed to allege any facts that Don Peterson took any racially discriminatory or retaliatory action against Brown or participated in any way in creating a hostile work environment.

As a result of Plaintiff's failure to file an administrative charge on his claim of retaliation, and his failure to file a Complaint within 90 days of his receipt of Notice of Dismissal and Right to Sue on the denial of pay raise claims and termination claims, this Court lacks jurisdiction over these claims.

Plaintiff did not sufficiently plead that the alleged isolated incidents of racially harassing conduct affected a term, condition or privilege of his employment. Thus, because he had failed to plead an essential element of his prima facie racial discrimination case, this court should dismiss his harassment/hostile working environment claim.

### III.  STANDARD OF REVIEW

**RULE 12(B)(1) DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**

Lack of subject matter jurisdiction may be raised at any time by any party, or by the court *sua sponte*. Fed. R. Civ. P. 12(h)(3). *Bank One Texas v. United States*, 157 F.3d 397, 403 (5th Cir.1998). Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for challenges to the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by

undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir.1996).

The court should consider the Rule 12(b)(1) jurisdictional issues before addressing any attack on the merits. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir.1977). This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Id.* The court's dismissal of a plaintiff's case because the court lacks subject matter jurisdiction is not a determination on the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. *Id* .

In examining subject matter jurisdiction under Rule 12(b)(1), the district court is empowered to consider matters of fact which may be in dispute. *Williamson v. Tucker*, 645 F.2d 404, 413 (1981). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir.1998).

**RULE 12(B)(6) DISMISSAL FOR FAILURE TO STATE A CLAIM**

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. Fed. R. Civ. P. 12(b)(6). The test for determining the sufficiency of a complaint under Rule 12(b)(6) was set out by the United States Supreme Court as follows: "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also *Grisham v. United States*, 103 F.3d 24, 25-26 (5th Cir.1997).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a

claim is sufficiently alleged. *Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir.1989). Further, "the plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir.1996). This is consistent with the well-established policy that the plaintiff be given every opportunity to state a claim. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir.1977). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir.1992). Finally, when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must examine the complaint to determine whether the allegations provide relief on any possible theory. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir.1994).

## IV. ARGUMENT

This Court lacks subject matter jurisdiction over Plaintiff's retaliation claims, claims against Don Peterson, and claims related to denial of pay raises and termination of employment. Under Title VII of the Civil Rights Act of 1964, as Amended, 42 U.S.C. § 2000e *et seq,* prior to filing an action in federal court, a Plaintiff must (1) exhaust the administrative remedies under Title VII, and (2) file his action within the time permitted by Title VII. *Tolbert v. United States of America*, 916 F.2d 245 (5th Cir. 1990). Such actions on the part of a plaintiff are prerequisites to federal subject matter jurisdiction, and a plaintiff's failure to comply with either of these requirements wholly deprives a district court of jurisdiction over a plaintiff's case. *Id*. Here, Plaintiff has failed to fulfill these prerequisites as he has neither exhausted his administrative remedies regarding his retaliation claims and claims against Don Peterson, nor filed his action within the time permitted by Title VII regarding his denial of pay raise and termination claims. Accordingly, Plaintiff has deprived the Court of jurisdiction over these claims and his claims on these issues must be dismissed.

Additionally, Plaintiff has failed to state a cause of action for which relief may be granted on his harassment/hostile work environment claim because he did not sufficiently plead that the alleged isolated incidents of alleged racially harassing conduct affected a term, condition or privilege of his employment. Thus, because he had failed to plead an essential element of his prima facie racial discrimination case, this court should dismiss his harassment/hostile working environment claim.

### A.   BROWN FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES UNDER TITLE VII PRIOR TO FILING THIS ACTION REGARDING HIS RETALIATION CLAIM AND CLAIMS AGAINST DON PETERSON

Under Title VII, 42 U.S.C. § 2000e-5(e), an aggrieved party must file a charge with the EEOC within 300 days of the date that the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1); *Griffin v. the City of Dallas*, 26 F.3d 610, 613-13 (5th Cir. 1994). The complainant's filing of this initial charge with the EEOC, and the complainant's pursuant of all other administrative remedies, is a jurisdictional requirement to a Title VII action. *Barnes v. Levitt*, 118 F.3d 404, 408 (5th Cir. 1997) (citing *Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1980) and *Johnson v. Bergland*, 614 F.2d 415, 417 (5th Cir. 1980).

A court has no jurisdiction to consider Title VII claims for which the plaintiff has not exhausted administrative remedies. 42 U.S.C. § 2000e-5(f)(1); *Nat'l Ass'n of Gov't Employees v. City Public Serv. Bd. of San Antonio,* 40 F.3d 698, 711 (5th Cir.1994). The scope of a Title VII complaint is limited to the scope of the charges made in the EEOC complaint and the investigation that might reasonably be expected to grow out of that complaint. *Thomas v. Texas Dep't of Criminal Justice,* 220 F.3d 389, 395 (5th Cir.2000).

Title VII affords a private right of action to individuals aggrieved by unlawful discrimination in the workplace but, to preserve their statutory rights, employees must file a charge of discrimination with

the EEOC "within one hundred and eighty days[1] after the alleged unlawful employment practice occurred." 42 U.S.C. §§ 2000e-5(e); see also *Oatis v. Crown Zellerbach Corporation,* 398 F.2d 496, 497-98 (5th Cir.1968). "Timely filing is a prerequisite to the maintenance of a Title VII action and the failure to file within the statutory period will ordinarily operate as a bar to suit." *Abrams v. Baylor College of Medicine,* 805 F.2d 528, 532 (5th Cir.1986) (citing *Alexander v. Gardner-Denver Company,* 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), and *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 555 n. 4, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977)). A plaintiff's failure to exhaust administrative remedies deprives the court of jurisdiction over Title VII claims. See *Barnes v. Levitt,* 118 F.3d 404, 408 (5th Cir.1997), *cert. denied,* 523 U.S. 1136, 118 S.Ct. 1839, 140 L.Ed.2d 1090 (1998); *National Association of Government Employees v. City Public Service Board of San Antonio, Texas,* 40 F.3d 698, 711 (5th Cir.1994) (citation omitted).

There is no charge of discrimination which lists Don Peterson as a party against whom a charge of discrimination is being made. Further, neither the Charge of Discrimination nor the Amended Charge of Discrimination contains Peterson's name or any description of alleged discriminatory acts performed by Peterson within such charge. Further, there was no right to sue letter issued to the Plaintiff against Peterson, nor was suit filed within the time periods required by Title VII even if a charge was presumed to exist against him. Additionally, Plaintiff failed to allege retaliation in either his original Charge or Amended Charge of Discrimination. Because such allegations are not necessarily encompassed in his discrimination claim or the investigation that could reasonably be expected to arise out of that claim, the scope of Plaintiff's lawsuit cannot be expanded to include retaliation claims or claims of discrimination against Don Peterson individually. *See Id.* at 395; *Lee v. Kroger Co.,* 901 F.Supp. 1218,

---

[1] 300 days in a deferral state.

1224 (S.D.Tex.1995) (precluding Plaintiff from maintaining additional charge of racial discrimination when he only marked the "retaliation" box in his initial EEOC charge and only asserted facts to support retaliation claim in that charge). Therefore, Plaintiff has failed to exhaust his administrative remedies for those claims not raised in his EEOC charge. This Court must dismiss, for lack of subject matter jurisdiction, Plaintiff's complaint of retaliation against both Defendants and all complaints against Don Peterson.

      **B.**    **PLAINTIFF'S COMPLAINT REGARDING DENIAL OF PAY RAISE AND TERMINATION MUST BE DISMISSED BECAUSE THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S ACTION BECAUSE PLAINTIFF FAILED TO FILE HIS ACTION ON THESE CLAIMS IN THE TIME ALLOWED BY TITLE VII**

This court lacks subject matter jurisdiction over Plaintiff's denial of pay raise and termination claims due to Plaintiff's failure to comply with the filing requirements of Title VII. 42 U.S.C. § 2000e-5(f). Under 42 U.S.C. § 2000e-5(f), a complainant who has filed a charge with the EEOC must file his civil claim within 90 days of receiving a Notice of Dismissal and Right to Sue from the EEOC. Here, Plaintiff was issued a Notice of Dismissal and Right to Sue Letter Determination on his denial of pay raise and termination claims on April 21, 2003. (Exhibit "E"). Pursuant to the Letter of Determination which served as Brown's Notice of Dismissal and Right to Sue on the discrimination denial of pay raise and termination issues, Brown was required to file suit against Respondent(s) on or before July 24, 2003 on these claims. Brown filed his Original Complaint against Don Peterson and North Central Tire Service, Inc. alleging, *inter alia*, racial discrimination (denial of pay raises to blacks) and retaliation (termination) on October 2, 2003, well after the ninety days limitation period set forth in Title VII. (See Plaintiff's Original Complaint).

A notice of right to sue terminates further EEOC processing of a charge. *See* 29 C.F.R. §§ 1601.28(a)(3). Following the EEOC's determination of Title VII violations and its decision not to bring

**DEFENDANTS DON PETERSON AND NORTH CENTRAL TIRE SERVICE, INC.'S BRIEF IN SUPPORT OF MOTION TO DISMISS**    Page 9 of 12

a civil action upon disposition of a charge, the EEOC will issue this notice of right to sue on the charge to "[t]he person claiming to be aggrieved." *Id.* §§ 1601.28(b)(1)(i). To maintain a cause of action under Title VII, a plaintiff is then required, pursuant to 42 U.S.C. §§ 2000e-5(f)(1), to file his Title VII claim within ninety days of receiving his right to sue letter from the EEOC. See *id.; Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1191 (5th Cir.1992). Claims filed more than ninety days after receiving the right to sue letter are subject to dismissal. *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 379 (5th Cir.2002) (citations omitted), *cert. denied,* 537 U.S. 1200, 123 S.Ct. 1287, 154 L.Ed.2d 1041 (2003); *Maddox v. Runyon,* 139 F.3d 1017, 1021 (5th Cir.1998).

### C. PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION FOR WHICH RELIEF MAY BE GRANTED ON HIS HARASSMENT/HOSTILE WORK ENVIRONMENT CLAIMS

Plaintiff has failed to state a cause of action for which relief may be granted on his harassment/hostile work environment claim because he did not sufficiently plead that the alleged isolated incidents of alleged racially harassing conduct affected a term, condition or privilege of his employment.

To prevail on a hostile work environment claim, a plaintiff must prove: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment of which plaintiff complained was based on race; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take remedial action. *Celestine v. Petroleos de Venezuella SA,* 266 F.3d 343, 353 (5th Cir.2001); *Frank v. Xerox Corp.,* 347 F.3d 130, 138 (5th Cir.2003); *see also Septimus v. University of Houston,* 399 F.3d 601, 611 (5th Cir.2005). He must subjectively perceive the harassment as sufficiently severe or pervasive, and this subjective perception must be objectively reasonable. *Frank,* 347 F.3d at 138.

"For harassment to affect a 'term, condition, or privilege of employment' it must be 'sufficiently severe or pervasive so as to alter the conditions of employment and create an abusive working environment." *Celestine v. Petroleos de Venezuella SA,* 266 F.3d at 353(quoting *Watts v. Kroger Co.,* 170 F.3d 505, 509 (5th Cir.1999)); *see also Harris v. Forklift Sys.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (sexual harassment case). "Actionable harassment must involve 'racially discriminatory intimidation, ridicule[,] and insults." ' *Felton v. Polles,* 315 F.3d 470, 485 (5th Cir.2002) (quoting *Walker v. Thompson,* 214 F.3d 615, 625 (5th Cir.2000)) (applying Title VII case law to a claim brought under 42 U.S.C. §§ 1983); *see also Harris,* 510 U.S. at 21.[2]

Plaintiff refers to the fact that someone placed a "hangman's noose above the spreader machine that Plaintiff took down and threw away. Plaintiff also complains that Rick Stone told him and a co-worker to turn down their "jungle music" in the shop. Plaintiff does not allege that these acts were more than mere isolated and non-recurring incidents. Moreover, Plaintiff does not allege that these alleged acts were so pervasive that they prevented him from being able to perform his job or were so pervasive as to affect a condition of his employment. To determine whether a hostile work environment existed, a court must consider "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Ramsey* at 268 (5th Cir.2002) *Id.* (citations omitted). Brown failed to plead any facts to establish that isolated conduct related to a comment to turn down the "jungle music" or the brief presence of a rope in the shape of a hangman's noose, was so severe or pervasive that

---

[2] Hostile work environment claims based on racial harassment are reviewed under the same standard as those based on sexual harassment. *See National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101, 116 n. 10, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) (and cases cited therein); *Faragher,* 524 U.S. at 786-87, and n. 1, 118 S.Ct. 2275. Thus, a plaintiff seeking to establish a Title VII violation based on race discrimination creating a hostile work environment must prove that: "(1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment affected a term, condition, or privilege of employment; [and] (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action." *Ramsey v. Henderson,* 286 F.3d 264, 268 (5th Cir.2002).

it affected a term, condition, or privilege of employment, or unreasonably interfered with his work performance.

## V. CONCLUSION

For all of the reasons discussed above, Defendants Don Peterson and North Central Tire Service, Inc. respectfully request that the Court enter an Order dismissing Plaintiff's Amended Complaint against Defendants in its entirety with prejudice and award such other and further relief in law and equity as to which the Defendants show themselves entitled.

Respectfully submitted,

/s/ D. D'Lyn Davison
D. D'Lyn Davison
Texas Bar No. 05590800
Davison Rugeley & Spurgers, L.L.P.
900 Eighth Street, Suite 1102
P. O. Box 99
Wichita Falls, Texas 76307
Telephone:   (940) 766-1388
Facsimile:   (940) 766-5396
Attorneys for Defendants Don Peterson
and North Central Tire Service, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of January, 2006, a true and correct copy of Defendants' Brief in Support of Motion to Dismiss was served on Plaintiff, Clifford Brown, 1904 Hines Blvd., Wichita Falls, Texas 76301, by placing same in the U.S. Mail, postage prepaid, certified, return receipt requested. (Receipt No. 7005 0390 0001 2472 8617).

/s/ D. D'Lyn Davison
D. D'Lyn Davison